

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KEITH D. BERDINE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-409-A |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion to dismiss for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed in the above action by defendant, CitiMortgage, Inc. Plaintiff, Keith D. Berdine, filed a response. Having now considered all of the parties' filings, plaintiff's first amended complaint, and the applicable legal authorities, the court concludes that the motion should be granted.

I.

Background and Plaintiff's Pleaded Claims

Plaintiff initiated this action by filing his original petition and application for temporary restraining order in the District Court of Tarrant County, Texas, 352nd Judicial District. Following removal, the court ordered plaintiff to file an amended

complaint that complied with the requirements of the Federal Rules of Civil Procedure, as interpreted by the United States Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009), and <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007). Plaintiff then filed his first amended complaint, in which he alleged the following:

On or about July 27, 2010, plaintiff signed a promissory note payable to Mortgage Research Center, LLC, secured by a deed of trust, in the amount of $235,524.00, for the purchase of property in Lakeside, Tarrant County, Texas. Prior to the date plaintiff initiated this action, he sought assistance from defendant in obtaining a loan modification to reduce his mortgage payments. "Defendant agreed that it would review the loan for a modification under one of their numerous programs available and instructed Plaintiff to submit an application and financial information." Pl.'s First Am. Compl. at 4.

Plaintiff submitted the requested information; however, defendant has yet to inform plaintiff if the modification request has been approved or denied. Had defendant denied the request, plaintiff could have appealed. However, because defendant failed to respond, plaintiff had no opportunity to appeal, nor did he know he needed to appeal or "make other plans regarding his loan and residence." <u>Id.</u> at 5. Consequently, plaintiff incurred

2

"additional late fees, default interest and fees," making it impossible for plaintiff to "catch up" on his mortgage payments. Id. Although the deed of trust affords plaintiff an opportunity to reinstate his loan, defendant denied plaintiff this right by not informing him that the loan modification had been denied.

Defendant informed plaintiff of its intent to foreclose on his property. However, the public records of Tarrant County show no assignment or conveyance of the deed of trust from the original lender to defendant. Accordingly, plaintiff in the complaint questioned whether defendant had authority to initiate foreclosure proceedings.

Plaintiff in the first amended complaint alleged claims and causes of action against defendant for breach of contract, alleged that defendant violated section 51.002 of the Texas Property Code, and challenged defendant's right to foreclose on the property because there was no public record of an assignment of the deed of trust to defendant. Plaintiff also sought injunctive relief to bar any transfer of his property to defendant.

II.

Standards Applicable to Motion to Dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading.

3

It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause of action. Id. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.")

Moreover, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Id. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Twombly, 550 U.S. at 566-69. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific

4

task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

The court generally is not to look beyond the pleadings in deciding a motion to dismiss. Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999). "Pleadings" for purposes of a Rule 12(b)(6) motion include the complaint, its attachments, and documents that are referred to in the complaint and central to the plaintiff's claims. Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498-99 (5th Cir. 2000). Additionally, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." Norris v. Hearst Trust, 500 F.3d 454, 461 n.9 (5th Cir. 2007). Because the document in the appendix submitted with the motion to dismiss is considered part of the pleadings and is a matter of public record,[1] the court may consider it in its resolution of the motion to dismiss. Id.

### III.
### Application of Law to Facts

A. Authority to Foreclose and Violation of Texas Property Code

Although the complaint alleged that the public records included no record of any assignment of the deed of trust to

---

[1] Defendant's appendix included a copy of the assignment of the deed of trust from the original lender to defendant. The assignment is referred to, and relied on, in the amended complaint, and is also a public record.

5

defendant from the original lender, it is unclear if plaintiff was attempting to assert a claim on that basis. To the extent he intended to do so, defendant moved for dismissal of such claim because the assignment is recorded in the public records. Defendant provided a copy of the assigning document, which is included in the public records of the Tarrant County Clerk, and of which the court takes judicial notice.

In his response, plaintiff stated that he had no access to an assignment of record showing any transfer of the property to defendant, but indicated that upon receipt of such assignment, he would amend his complaint to dismiss this cause of action against defendant. Defendant included a copy of the assignment in the appendix to its motion to dismiss, a copy of which was served on plaintiff. Inasmuch as plaintiff has now received a copy of the assignment via his copy of defendant's appendix, the court concludes that plaintiff has abandoned this claim.

Similarly, defendant sought dismissal of plaintiff's claim under the Texas Property Code on the ground that no violation of the statute has occurred because defendant has not foreclosed. Plaintiff apparently agrees, and indicated in his response that he would dismiss this claim.

B.   <u>Plaintiff's Breach of Contract Claim is Dismissed</u>

The basis of plaintiff's breach of contract claim appears to

6

be that defendant offered, and plaintiff accepted, a "loan modification review." Pl.'s First Am. Compl. at 6. Plaintiff contended he submitted the financial information requested by defendant to determine if he qualified for a loan modification, and that in so doing, he relied on defendant's representations and promises. Such reliance, plaintiff maintained, constituted a unilateral contract which defendant breached when the property was posted for foreclosure sale. Plaintiff further alleged that defendant breached the deed of trust because it never afforded him the opportunity to cure and reinstate his note.

Defendant argued that plaintiff's breach of contract claim should be dismissed because it is barred by the statute of frauds, and because plaintiff has failed to allege that he performed or tendered performance under the note and deed of trust.

1. Statute of Frauds

Under Texas law, a loan agreement involving an amount in excess of $50,000.00 is unenforceable unless the agreement is in writing and signed by the party to be bound. Tex Bus. & Com. Code Ann. § 26.02(b). A promise pertaining to the sale of real estate must also be in writing. Id. at 26.01(b)(4). Hence, any agreement regarding modification of a loan to purchase real property must be in writing. Martins v. BAC Home Loans

7

Servicing, L.P., 722 F.3d 249, 256 (5th Cir. 2013).

Here, plaintiff pleaded that his original loan, pertaining to the purchase of real estate, was in the amount of $235,524. Because the contract purportedly breached by defendant pertained to modification of this loan, it was subject to the statute of frauds, and was required to be in writing. Martins, 722 F.3d at 256 (holding agreement to modify mortgage note was subject to statute of frauds and unenforceable unless in writing). Plaintiff alleged only that defendant agreed to review the loan for a modification. The complaint did not allege that any agreement to modify the loan was ever made, much less put in writing. Hence, plaintiff cannot overcome the statute of frauds.

In his response, plaintiff argued that promissory estoppel may avoid the statute of frauds "when the alleged promise is to sign an existing document that satisfies the statute of frauds." Pl.'s Resp. and Br. In Opp'n to Def.'s Mot. to Dismiss at 5 (quoting Bank of Texas, N.A. v. Gaubert, 286 S.W.3d 546, 553 (Tex. App.--Dallas 2009, pet. dism'd w.o.j.)). Although plaintiff has correctly quoted language from the cited case, he failed to conduct the proper analysis. The Fifth Circuit, and the cases cited by plaintiff in his response, have held that promissory estoppel can overcome the statute of frauds only where there is "a promise to sign a written contract which had been

8

prepared and which would satisfy the requirements of the statute of frauds." Martins, 722 F.3d at 256-57 (citation omitted). Here, plaintiff alleged only that defendant orally agreed to offer him a loan modification review. Nowhere did plaintiff allege that defendant promised to sign any modification document which had been prepared and which would satisfy the statute of frauds. Accordingly, plaintiff's breach of contract claim fails.

2. <u>Plaintiff Failed to Tender Performance</u>

Defendant also argued that plaintiff's breach of contract claim should be dismissed because he failed to allege that he tendered performance. Although this argument appears meritorious and would likely result in dismissal of the breach of contract claim, the court need not consider it, as the court has already dismissed the claim based on the statute of frauds.[2]

C. <u>Injunctive Relief</u>

Defendant argued for dismissal of plaintiff's request for injunctive relief on the ground that, if the court dismisses all of plaintiff's other claims and causes of action, nothing remains to support such a request. Because plaintiff failed to show a

---

[2]Defendant considered the first amended complaint as attempting to assert a claim of fraud, and argued that the same should be dismissed, inasmuch as tort claims cannot be used to recover for breach of an unenforceable promise barred by the statute of frauds. The court does not read the first amended complaint as asserting a fraud claim, and plaintiff did not address this argument in his response. Nevertheless, to the extent plaintiff may have attempted to assert such a claim, the court concludes that dismissal would be warranted, for the reasons set forth in defendant's motion.

9

plausible right to relief on any of his claims, he is not entitled to injunctive relief.

D.    <u>Plaintiff's Request to Amend Complaint</u>

In the conclusion of his response, plaintiff asked that he be permitted to replead, should the court determine any of his claims are deficient. Rule LR 10.1(a) of the Local Civil Rules of the United States District Court for the Northern District of Texas requires that "each . . . motion, or other paper must: (a) contain on its face a title clearly identifying each included pleading, motion, or other paper; . . . ." The response to the motion to dismiss did not comply with this rule. Nor did plaintiff in his response inform the court of the additional facts he could plead to correct the deficiencies in the first amended complaint, and he did not attach to the response a proposed second amended complaint. Under these circumstances, the court is not permitting plaintiff to replead. <u>Sullivan v. Leor Energy, LLC</u>, 600 F.3d 542, 551 (5th Cir. 2010).

Additionally, the first amended complaint represents plaintiff's second pleading in this action. Plaintiff filed his original petition in the state court. Upon removal, the court entered an order that described the pleading standards required by the Federal Rules of Civil Procedure, as interpreted by <u>Twombly</u> and <u>Iqbal</u>, and ordered plaintiff to file an amended

10

complaint consistent with those standards. Plaintiff then filed the first amended complaint. Plaintiff has thus been provided ample opportunity to correct any deficiencies in his pleadings and plead his best case, and the court can see nothing to be gained by allowing him another bite at the apple.

IV.

Order

Therefore,

The court ORDERS that defendant's motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiff, Keith D. Berdine, against defendant, CitiMortgage, Inc., be, and are hereby, dismissed with prejudice.

SIGNED August 4, 2014.

_____
JOHN McBRYDE
United States District Judge